IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv237

| | |
|---|---|
| ANTHONY M. EDGERTON, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> CHARLES GEORGE, VAMC- ) <br> Asheville; and UNITED STATES OF ) <br> AMERICA, ) <br> ) <br> Defendants. ) <br> _____ ) | AMENDED <br> MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER** is before the court upon the government's Motion to Dismiss. The government filed its Motion to Dismiss (#6) on January 14, 2011, and plaintiff filed his Response (#8) on January 24, 2011. On January 27, 2011, the instant motion was referred to the undersigned, and the next day the government filed its Reply (#10).[1] It appearing that the motion has been fully briefed and that the government is entitled to the relief it seeks as a matter of law, the undersigned enters the following findings, conclusions, and Recommendation.

---

[1] While not required in the context of a motion to dismiss, the undersigned routinely enters an Order instructing a *pro se* litigant, such as plaintiff, to file a response. *See generally Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Inasmuch as plaintiff had already responded to the government's motion at the time of referral, no *Roseboro* Order was entered in this case.

1

**FINDINGS AND CONCLUSIONS**

**I.      Background**

Reading the form Complaint and exhibits, totaling some **272** pages, in a light most favorable to plaintiff, it appears that he is alleging that defendants failed to provide him with emergency medical treatment on or about May 18, 2008.  See Complaint (#1), at p. 3-4 ("Neglect of Emergency Care").  Thus plaintiff may be attempting to assert a claim against the United States for negligent failure to provide emergency medical service under North Carolina law or may be attempting to assert a claim under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, (hereinafter "EMTALA").  In addition, plaintiff appears to invoke 28 U.S.C. § 1983 – applicable to state actors – in bringing this action against federal defendants. For the reasons discussed below, plaintiff fails to state an actionable claim against the United States under state or federal law.

**II.     Applicable Standards**

**A.      Rule 12(b)(1) Standard**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit.  Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court.  Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).  The ability of the court to independently address subject-matter

jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a

> lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6): Applicable Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to

4

dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual

5

matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial

experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

### III.  Discussion

####   A.  Factual Allegations of the Complaint

Plaintiff alleges that on May 18, 2008, around 11:00 P.M. he was driven by a friend to the emergency room at the Veterans Affairs Medical Center (hereinafter "VAMC") in Asheville, North Carolina. Complaint (#1), at p.2. At the time he sought care, plaintiff alleged that he was suffering a bad headache and double vision, and thought he might be having a stroke. Id. He alleges that the clerk told him that he was not eligible for treatment at the VA at that time and refused to provide medical treatment. Id. Plaintiff did not receive treatment from the VAMC on this occasion, but went elsewhere for his medical treatment. Id.

A review of the records submitted by plaintiff indicates that he is a veteran, having served from 1979 to 1982, that he received medical treatment from the VA prior to May 18, 2008, and that since May 18, 2008, plaintiff has received treatment from the VA. See Complaint (#1), Attachment 5. According to materials submitted

7

by plaintiff, he was turned away on May 18, 2008, because of "his means test not being up to date." Id., at p. 21.

**B.    Motion to Dismiss State Law Claim**

For a person to assert a state law claim for negligence against the United States, three things must be shown: (1) that plaintiff exhausted his administrative remedies; (2) that the United States has waived its sovereign immunity; and (3) that the cause of action plaintiff is attempting to assert is recognized by state law. The government concedes that plaintiff has exhausted his administrative remedies.

As to waiver of immunity, the United States is immune from suit unless it has consented to be sued "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941). See also Hart v. Department of Labor, 116 F.3d 1338, 1339 (10th Cir. 1997) (same). Absent waiver, sovereign immunity shields the United States from suit in tort. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The Federal Torts Claim Act "hereinafter "FTCA") waives sovereign immunity for some torts; however, strict compliance with the conditions of the waiver must be observed. In waiving sovereign immunity, Congress provided that the United States can be liable:

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the

government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Thus, the inquiry moves to whether "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id.

The essence of plaintiff's claim is that the VAMC acted in a negligent manner when it refused to provide him with emergency medical care when he presented at the VA medical center emergency room on May 19, 2008. Under the FTCA, this allegation requires the court to look to North Carolina law – the place where the negligence allegedly occurred – to determine whether a cause of action exists for negligent refusal to provide emergency medical assistance. In Williams v. United States, 242 F.3d 169 (4th Cir. 2001), the Court of Appeals for the Fourth Circuit held, as follows:

> The North Carolina Supreme Court has held that a physician has no duty to render services to every person seeking them. *See Childers v. Frye*, 201 N.C. 42, 158 S.E. 744 (1931). The *Childers* court based its decision on a contract theory, concluding that a physician's decision of whether to treat a person amounts to a decision of whether to enter into a contractual relationship. In the case of an unconscious patient, where a traditional contract relationship could not be formed, the court explained that liability would then be established only if "the physician actually accepted an injured person as a patient and undertook to treat him." *Id.* at 746. Holding that the common law does not limit a medical provider's discretion to turn away potential patients, the court found it

9

unobjectionable that the doctor had refused to treat the patient because he mistakenly believed the patient was drunk. See id.

Id., at 176.[2] Thus, it is well settled that North Carolina does not recognize the cause of action plaintiff is attempting to assert against the United States. The court must, therefore, recommend that this action be dismissed under both Rule 12(b)(1) and Rule 12(b)(6) as the United States has not waived sovereign immunity as to such claim because the same claim could not be asserted against a private party under state law.

---

[2] The appellate court went on to make a distinction between the legal duty imposed by law and the moral command in refusing to treat a person presenting at an emergency room:

> The scope of duties imposed by positive law is necessarily narrower than the reach of moral command, and this case presents a tragic circumstance, if the allegations of the complaint are true, that could have been avoided by simple obedience to a moral command. That individuals at the Cherokee Indian Hospital would deny Berlie White the most meager of medical assistance-that of refilling his oxygen tank when it had run out-at a time of extreme need is incomprehensible, particularly when these individuals were not prohibited by law from providing White with this assistance. If they did deny White this minimal care, the burden of their moral failure will surely remain with them. But the positive law of the United States does not, in our judgment, authorize a suit for damages against the United States for refusing to provide medical assistance, as we have explained herein.

Id., at 177. The undersigned finds it appropriate to note such distinction here inasmuch as if the allegations of the Complaint are true, the VAMC refused to provide emergency care for person it knew was a veteran.

## C. Motion to Dismiss Federal EMTALA Claim

Plaintiff may also be seeking to assert a claim under the FTCA against the United States for violation of EMTALA, which is a federal statute. While such statute does impose a duty on certain hospitals to provide stabilizing emergency medical services and provides for civil remedy, plaintiff cannot assert such federal claim against the United States as the FTCA does not operate as a waiver of sovereign immunity for alleged violations of federal statutes. Such issue was also addressed in Williams, wherein the appellate court held, as follows:

> This conclusion that the FTCA does not waive the United States' immunity against liability for violation of its own statutes, absent specific language in the substantive federal statute allegedly giving rise to the duty, comports with the universally accepted position that "law of the place," as used in the FTCA, refers to state and local law, not federal law. As the Supreme Court stated in *FDIC v. Meyer*, 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), "Indeed, we have consistently held that § 1346(b)'s reference to the 'law of the place' means the law of the State-the source of substantive liability under the FTCA." *See also United States v. Agronics Inc.*, 164 F.3d 1343, 1346 (10th Cir.1999) ("The underlying principle is that the FTCA's waiver of sovereign immunity is limited to conduct for which a private person could be held liable under state tort law," not federal statutory law); *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir.1997) ("It is virtually axiomatic that the FTCA does not apply 'where the claimed negligence arises out of the failure of the United States to carry out a [federal] statutory duty in the conduct of its own affairs' "); *id.* (holding that "violation of a federal statute by governmental actors does not create liability unless state law would impose liability on a 'private individual under like circumstances' "); *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir.1996) ("The test established by the Tort Claims Act for determining the United States' liability is whether a private person

would be responsible for similar negligence under the laws of the State where the acts occurred"); *Johnson v. Sawyer*, 47 F.3d 716, 727-28 (5th Cir.1995) (*en banc*) ("While as a matter of abstract linguistics the phrase 'law of the place' ... might be thought to include generally applicable federal law, it does not").

Williams v. United States, 242 F.3d at 173. Thus, to the extent plaintiff may be asserting a claim under the FTCA for violation of the emergency medical care provisions of EMTALA, this court lacks subject matter jurisdiction over any such claim inasmuch as the government has not waived its sovereign immunity as to such claim.

**D.    Motion to Dismiss Section 1983 Claim**

Plaintiff also asserts that he brings his claim under 42 U.S.C. § 1983, which makes actionable infringement by *state actors* of federal constitutional or statutory law. State action is present if the conduct allegedly causing the deprivation of a federal right may be fairly attributed to state. West v. Atkins, 487 U.S. 42, 49-50 (1988).[3] The undersigned takes judicial notice that the United States Department of Veterans Affairs is a federal agency, and its employees act under federal law. Plaintiff cannot, therefore, state a cause of action under Section 1983 against the United States.

---

[3]    The court has also considered whether plaintiff is attempting bring a Bivens-type action; however, review of the Complaint does not reveal that plaintiff is seeking relief against any federal employee in their individual capacity. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Radin v. United States*, 699 F.2d 681 (4th Cir. 1983)

E.  Charles George VAMC-Asheville

In addition to naming the United States of America as a defendant, plaintiff has also named "Charles George VAMC-Asheville," which is the name of the VA medical facility, as a defendant. The basic jurisdictional statute--28 United States Code, Section 1346(b)--confers jurisdiction on a federal district court to hear claims sounding in tort against the United States, not against its agencies. Suits against federal agencies are, *eo nominee*, suits against the United States. 28 U.S.C. § 2679(a). These two statutory provisions have uniformly been held to bar a suit which is directed against the federal agency *eo nominee* rather than against the United States. See e.g., Stewart v. United States, 655 F.2d 741 (7th Cir. 1981); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied, 382 U.S. 892 (1965); Crockett v. Citizens & Southern Finance Corp., 349 F.Supp. 1104, 1105 (N.D. Ga. 1972). Thus, the real and only party defendant to a claim for the alleged negligence of the VA is the United States of America. The undersigned will recommend that Charles George VAMC-Asheville be dismissed.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the

government's Motion to Dismiss (#6) be **ALLOWED,** that Charles George VAMC-Asheville be **DISMISSED** as improperly named as a defendant, and that the Complaint be **DISMISSED** in its entirety for the reasons herein stated.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

```
                                        Signed: February 4, 2011
```

Dennis L. Howell
United States Magistrate Judge